IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEREMY C. VAUGHN,

          Plaintiff,

v.                                              ORDER

STACY MORIN                             25-cv-760-wmc
and KRISTINA BORNEMAN,

          Defendants.

---

JEREMY C. VAUGHN,

          Plaintiff,

v.                                             ORDER

STATE OF WISCONSIN, *et al.*,         25-cv-619-wmc

          Defendants.

---

JEREMY C. VAUGHN,

          Plaintiff,

v.                                             ORDER

STATE OF WISCONSIN, *et al.*,         25-cv-601-wmc

          Defendants.

---

Plaintiff Jeremy C. Vaughn, a state prisoner representing himself, has filed identical motions for counsel in Case Nos. 25-cv-760-wmc (Dkt. 13), 25-cv-619-wmc (Dkt. 18), and 25-cv-601-wmc (Dkt. 19). In the '760 case, plaintiff alleges that his state extended supervision agent and her supervisor have violated his federal rights in various ways, including by ignoring his addiction issues, opening his legal mail, and failing to investigate threats against him. In

the '619 case, plaintiff alleges he was unlawfully targeted by a drug task force. In the '601 case, plaintiff alleges that law enforcement did not investigate his reports of mental and physical abuse at the hands of an acquaintance.

Plaintiff's complaints have yet to be screened. For the following reasons, I will deny plaintiff's request for counsel as premature.[1]

## ANALYSIS

Plaintiff asks the court for counsel, contending that his cases are, in the aggregate, complex, that he is not a lawyer, that the lawyers and law firms he has contacted about his cases have not responded, and that his incarcerated status limits his ability to litigate. He also states that his institution has not extended his legal loan so he is concerned about meeting filing deadlines in part because he must borrow paper, pens and other supplies from other inmates.

Litigants in civil cases do not have a constitutional right to counsel, and the court does not have the authority to appoint counsel to self-represented plaintiffs in civil matters. Rather, the court can only help recruit counsel who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007) (en banc).

To succeed on a motion to assist with the recruitment of counsel, plaintiff must meet three requirements. *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010). First, he must show that he is unable to afford counsel. Plaintiff has met this requirement because he is

---

[1] The court will address plaintiff's other pending motions, including his motions related to his legal loan, in separate orders.

proceeding in forma pauperis in all three cases. *See* Case Nos. 25-cv-760-wmc (Dkt. 4); 25-cv-619-wmc (Dkt. 5); 25-cv-601-wmc (Dkt. 5).

Second, plaintiff must show that he has made reasonable efforts to locate an attorney on his own. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072–73 (7th Cir. 1992) ("the district judge must first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts"). For purposes of this motion, the court accepts plaintiff's statement that he has written to several law firms and legal aid organizations without success.

Third, plaintiff must demonstrate that any of his cases is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds the plaintiff's ability to prosecute it. *Mote*, 503 F.3d at 654–55. Federal civil litigation is generally challenging for most self-represented, indigent parties, and their limited knowledge of the law is a common predicament. So are the limitations on incarcerated individuals. But the court receives hundreds of new lawsuits every year from unrepresented plaintiffs, and there are only about 15 to 20 attorneys who might volunteer to take one such case a year. This means that the court must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

In this respect, plaintiff's motion must be denied as premature because it is far too early to tell whether any of his cases will be one of the relatively few in which it is necessary to recruit counsel. Plaintiff has filed three lawsuits against multiple defendants, but his complaints have yet to be screened, so it is not clear whether these lawsuits will proceed or in what form. And

discovery is closed across all of plaintiff's cases. To the extent plaintiff is concerned about more trial-type legal tasks such as witness testimony and examination, he won't be required to perform those tasks unless any of his claims proceeds to trial. In short, there are no legal tasks for plaintiff to complete right now.

The court will set a preliminary pretrial conference with a magistrate judge in each of plaintiff's cases after his complaints have been screened and defendants have appeared and answered. At each conference, the magistrate judge will set the case schedule and open discovery after providing plaintiff guidance on how to litigate his lawsuit as an unpresented and incarcerated party, including how to use the discovery process to obtain evidence in support of his claims. This will be his opportunity to ask questions about the litigation process and address any initial concerns with the court. If plaintiff should require additional time to complete a litigation task because of his circumstances and despite his best efforts, he can request an extension, and the court can take such concerns into account when setting the case schedule.

I will deny plaintiff's motions without prejudice, which means that he can renew his motion in any of his cases after discovery begins if his circumstances change and he believes that he is unable to litigate the lawsuit himself. If he refiles his motion in any of his cases, he will need to explain what specific litigation tasks he is unable to accomplish and why.

ORDER

IT IS ORDERED that plaintiff Jeremy C. Vaughn's motions for appointment of counsel in the above-captioned cases are DENIED without prejudice. Case Nos. 25-cv-760-wmc (Dkt. 13), 25-cv-619-wmc (Dkt. 18), and 25-cv-601-wmc (Dkt. 19).

Entered November 24, 2025.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge

5